■ TURNTABLES, INC., Respondent, v SAMUEL GESTETNER, Defendant, and ARTHUR GESTETNER, Appellant.—Judgment, Supreme Court, New York County, entered April 23, 1974 in favor of plaintiff after nonjury trial is unanimously reversed, on the law and the facts, the complaint is dismissed and judgment is directed in favor of defendant-appellant Arthur Gestetner against plaintiff on the counterclaim for $869, with interest and costs. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Subdivision (1) of 2-609 of the Uniform Commercial Code provides: "A contract for sale imposes an obligation on each party that the other's

expectation of receiving due performance will not be impaired. When reasonable grounds for insecurity arise with respect to the performance of either party the other may in writing demand adequate assurance of due performance and until he receives such assurance may if commercially reasonable suspend any performance for which he has not already received the agreed return." Defendant Arthur Gestetner as seller was entitled to the benefit of this section even though the sale was on credit and even though his suspicion that plaintiff was insolvent may have been inaccurate. All that was required to bring the statute into operation was the existence of "reasonable grounds for insecurity" "determined according to commercial standards" (Uniform Commercial Code, § 2-609, subds [1], [2]), and of course good faith on the seller's part. Here such reasonable grounds for insecurity obviously existed. The buyer was in arrears in payment for goods already delivered; its "Fifth Avenue Showroom" turned out to be a telephone answering service; its Island Park factory turned out to be someone else's premises, to which plaintiff did not have a key, and plaintiff did not lease space, had no employees, payroll, machinery or equipment therein; another supplier told defendant it had been stuck with an unpaid bill of plaintiff's; plaintiff had a bad reputation for performance or payment, etc. Thus defendant seller was justified in demanding adequate assurance of due performance. Plaintiff buyer refused to give any assurances whatever and purported to cancel the contract. Thus defendant Arthur Gestetner's nondelivery did not constitute a breach of contract and plaintiff could not recover damages therefor. The trial court found that defendant Arthur was entitled to judgment for $869 with interest from March 1, 1968 on his counterclaim for goods sold and delivered; from this there has been no appeal. Concur—Markewich, J. P., Murphy, Silverman, Capozzoli and Lane, JJ.